UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
www.flsb.uscourts.gov

In re

ROTHSTEIN ROSENFELDT ADLER, P.A.,

Debtor.
_____________________________________/

CASE NO. 09-34791-BKC-RBR
CHAPTER 11

HERBERT STETTIN, not individually but as Chapter 11 Trustee of the estate of the Debtor, Rothstein Rosenfeldt Adler, P.A.,

Plaintiff,

v.

REPUBLICAN PARTY OF FLORIDA,

Defendant.
_____________________________________/

ADV. NO. 10-03454-RBR

FILED BY ____ DC
2010 SEP 10 AM 10:28
CLERK U.S. BANKRUPTCY COURT SO. DIST. OF FL FTL OFFICE

**DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Republican Party of Florida ("RPOF"), by and through undersigned counsel, pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule of Procedure 5011 and Rule 5011-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, hereby moves to withdraw the reference, in whole, of this adversary proceeding and in support thereof states:

## I. PROCEDURAL HISTORY AND BACKGROUND

1. On or about July 28, 2010, the Plaintiff, Herbert Stettin, as Chapter 11 Trustee of the estate of the Debtor, Rothstein Rosenfeldt Adler, P.A., filed this adversary proceeding for avoidance of fraudulent transfers.

2. On or about August 30, 2010, RPOF filed its Answer and Affirmative Defenses in response to the Complaint, including a demand for jury trial and a statement that RPOF was moving to withdraw the reference. RPOF hereby seeks withdrawal of the reference, in whole, of this Adversary Proceeding.

## II. ARGUMENT

### A. DEFENDANT IS ENTITLED TO A JURY TRIAL AND HAS NOT CONSENTED TO A JURY TRIAL IN THE BANKRUPTCY COURT

4. Under the United States Constitution, RPOF is entitled to a jury trial on each of the Plaintiff's causes of action. RPOF has not waived its right to a jury trial. This Court should therefore withdraw the reference and allow RPOF its right to a jury trial in the District Court.

5. RPOF's right to trial by jury is guaranteed by the Seventh Amendment to the United States Constitution, which provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved . . . ." *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 119 S.Ct. 2295 (1999). A defendant is entitled to a jury trial where, as here, a plaintiff's causes of action are legal, not equitable, in nature and involve adjudication of private, not public, rights. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989); *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858 (1982). The Supreme Court held that the Seventh Amendment entitles a defendant to a jury trial in a lawsuit commenced by a trustee in bankruptcy to avoid and recover an allegedly fraudulent transfer. *Granfinanceria,* 109 S.Ct. at 2787. The Plaintiff's Complaint asserts causes of action for money damages against RPOF for fraudulent transfers, unjust enrichment and an accounting; such claims are actions at law, affording RPOF a right to jury trial. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894 (1962); *Shattuck v. Shattuck*, 138 U.S. 146, 11 S.Ct. 276 (1981).

6. In addition, the Seventh Amendment applies to statutory causes of action that are analogous to common law causes of action ordinarily decided in English law courts in the late 18th Century, as opposed to those customarily heard by courts of equity or admiralty. *City of Montero v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 119 S.Ct. 1624 (1999). The Plaintiff's causes of action for fraudulent transfer fall within this category. Indeed, Circuit Courts have even held that an action by an official committee of unsecured creditors in a bankruptcy case seeking an equitable accounting carries with it a right to trial by jury. *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122 (4th Cir. 1993); *See also Torcise v. Community Bank of Homstead*, 131 B.R. 503 (S.D.Fla. 1991)(withdrawing reference to a bankruptcy claim where it involved issues of fact to legal claim on which party was entitled to a jury trial). Given the causes of action asserted by the Plaintiff, RPOF is undeniably entitled to a jury trial.

7. In addition, RPOF has not waived nor renounced its right to a jury trial. RPOF has not filed a proof of claim in the underlying bankruptcy action. Cases such as *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330 (1990), therefore support RPOF's right to a jury trial before the District Court. *See Stein v. Miller (In re Omni Capital Group, Ltd.)*, 158 B.R. 876 (S.D.Fla. 1993).

**B. CAUSE EXISTS TO WITHDRAW THE REFERENCE FOR THE ENTIRE ADVERSARY PROCEEDING UNDER 28 U.S.C. § 157(d) AND (e)**

8. A District Court "may withdraw, in whole or in part, any case or proceeding referred under 28 U.S.C. § 157(d) on timely motion of any party for cause shown." RPOF's motion is timely, having been filed contemporaneously with the timely filing of its demand for jury trial. Furthermore, since a Bankruptcy Court does not have the authority to conduct a jury trial, cause to withdraw the reference exists where, as here, the party seeking withdrawal is entitled to and demands a jury trial. *In re American Expressways, Inc.*, 161 B.R. 606, (D.Utah

1993)(*citing In re Kaiser Steel Corp.*, 911 F.2d 380 (10th Cir. 1990)). In cases analogous to the instant case, this Court has exercised its discretion under 28 U.S.C. § 157 (d) to withdraw the reference of an adversary proceeding to the Bankruptcy Court, where RPOF has a right to a jury trial under the Seventh Amendment. Like the vast majority of Circuit Courts of Appeal, this Court has held that Bankruptcy Courts lack the statutory and constitutional authority to conduct jury trials. *See Growers Packing Co. v. Community Bank of Homestead*, 134 B.R. 438 (S.D.Fla. 1991); *Torcise v. Community Bank of Homestead*, 131 B.R. 503 (S.D.Fla. 1991); *Stein v. Miller (In Re Omni Capital Group, Ltd.)*, 158 B.R. 876 (S.D.Fla. 1993).

## III. CONCLUSION

10. RPOF is entitled to a jury trial on each of Plaintiff's causes of action. The Bankruptcy Court is constitutionally and statutorily prohibited from conducting such a trial. RPOF's Motion to Withdraw the Reference should therefore be granted.

## CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

DATED this 7th day of September, 2010.

JASON B. GONZALEZ
Florida Bar No. 0146854
jgonzalez@ausley.com
DOUGLAS L. KILBY
Florida Bar No. 0073407
dkilby@ausley.com
AUSLEY & McMULLEN, P.A.
P.O. Box 391
Tallahassee, Florida 32302
(850) 224-9115 telephone
(850) 222-7560 facsimile

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail and electronic mail to Charles H. Lichtman, Esq. and Stefanie C. Moon, Esq., 350 East Las Olas Blvd., Suite 1000, Fort Lauderdale, Florida 33301, this 8th day of September, 2010.

Attorney